IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. <br> DENNYS RIVERA, <br><br> Petitioner, <br><br> v. <br><br> RANDY PFISTER, Warden, <br> Stateville Correctional Center, <br><br> Respondent. | No. 14-cv-01518 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Petitioner Dennys Rivera, a state prisoner serving concurrent terms of life imprisonment and 29 years in prison for convictions of aggravated criminal sexual assault and home invasion, respectively, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 12.) Respondent Randy Pfister, Warden of Stateville Correctional Center,[1] opposes the Petition on the grounds that all of Rivera's claims have been procedurally defaulted and no exceptional circumstances warrant review of the merits of the claims. The Court agrees and therefore denies the requested relief.

### BACKGROUND

**I.    Trial and Direct Appeal**

Rivera's conviction stems from an assault that took place in January 2004 in a ground-floor apartment in Chicago, Illinois. (Ex. A to State Court Proceedings at 2, Dkt. No. 22-1.) During the trial in the Circuit Court of Cook County, the occupant of the apartment testified that

---

[1] This case was initially captioned with Michael Magana as Respondent in his capacity as Warden at Stateville. Because Randy Pfister now holds that position, Pfister has been substituted for Magana as Respondent in this case. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

someone broke a window, entered her apartment, and sexually assaulted her. (*Id.*) The evidence further showed that Officer William Burtner of the Chicago Police Department was dispatched to the apartment in response to the report of an ongoing burglary. (*Id.*) Burtner saw Rivera in the apartment. (*Id.*) Burtner heard a woman groaning in the apartment and ordered Rivera to come out of the apartment. (*Id.*) Instead, Rivera ran up a staircase outside the victim's apartment. (*Id.*) He was soon thereafter apprehended by two other police officers. (*Id.*) That Rivera was the perpetrator was corroborated by several other police officers, who saw him in the apartment. (*Id.*) At the conclusion of the trial, the jury found Rivera guilty of aggravated criminal sexual assault and home invasion. (*Id.*)

Rivera appealed his conviction to the Illinois Appellate Court, arguing that the trial court erroneously permitted the prosecution to falsely suggest that the victim had identified Rivera as her attacker and erroneously found that the defense had committed a *Batson* violation by exercising a peremptory challenge on the basis of race. (Ex. B to State Court Proceedings, Dkt. No. 22-2.)[2] The Illinois Appellate Court affirmed Rivera's conviction and sentence. (Ex. A to State Court Proceedings at 4, Dkt. No. 22-1.)

Rivera then filed a *pro se* petition for leave to appeal ("PLA") to the Illinois Supreme Court, arguing that the prosecutor's "personal attacks" on defense counsel prejudiced the jury, the officers could not see the offender who committed the aggravated sexual assault, Rivera was erroneously sentenced as a habitual criminal, and the DNA evidence showed that several other individuals could not be excluded as the assailant. (Ex. E to State Court Proceedings at 3–7, Dkt. No. 22-5.) The Illinois Supreme Court denied the PLA. (Ex. F to State Court Proceedings at 1,

---

[2] The Supreme Court's decisions in *Batson v. Kentucky*, 476 U.S. 79 (1986), and its progeny provide that litigants' use of peremptory challenges to exclude jurors based on race, gender, or ethnicity violates the Fourteenth Amendment's Equal Protection Clause.

Dkt. No. 22-6.) Thereafter, the United States Supreme Court denied Rivera's petition for a *writ of certiorari*. (Ex. G to State Court Proceedings at 1, Dkt. No. 22-7.)

## II.     Illinois State Post-Conviction Proceedings

On November 1, 2011, Rivera filed his *pro se* post-conviction petition in the Circuit Court for relief under Illinois's Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.* In his post-conviction petition, Rivera argued that:

(1)     his trial counsel was ineffective for:

    (a)     failing to present his ex-girlfriend to testify regarding an alibi; and

    (b)     failing to press a motion regarding Officer Robert Collins's testimony about the aggravated sexual assault which occurred in 1987;

(2)     he was erroneously sentenced as a habitual criminal;

(3)     the prosecutor made prejudicial statements against him, including subjecting him to personal attacks, and erroneously referring to the assailant as "the defendant" when questioning the victim, even though the victim had not yet identified him as her assailant;

(4)     the evidence was insufficient to support the convictions, including that the DNA evidence was contaminated; and

(5)     the trial court erroneously ruled that there was a *Batson* violation in defense counsel's attempt to strike a Caucasian venire member.

(Ex. AA to State Court Proceedings at C54–C71, Dkt. No. 22-27.) The Circuit Court dismissed Rivera's petition. In doing so, the court reasoned, *inter alia*, that Rivera's ineffective assistance of trial counsel claims (1)(a) and (1)(b) had been waived as they were based on the trial record. (*Id*. at C85–C86.) The Circuit Court also dismissed claims (2) and (4) because, although those issues could have been raised on direct appeal, Rivera failed to raise them before. (*Id*. at C86.) With respect to claims (3) and (5), the Circuit Court dismissed them as they had already been

3

raised on direct appeal and decided against Rivera; thus, *res judicata* barred Rivera from bringing those claims again. (*Id.* at C87.)

On post-conviction appeal, appointed appellate counsel moved for leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) ("Finley motion"), arguing that an appeal would be without arguable merit. (Ex. H of State Court Proceedings, Dkt. No. 22-8.) In response to the *Finley* motion, Rivera raised the following issues:

(1)  his trial counsel was ineffective for:

    (a)  failing to press a motion regarding Officer Robert Collins's testimony about the aggravated sexual assault which occurred in 1987; and

    (b)  failing to notify the trial court that the arresting officers had a personal grudge against Rivera;

(2)  the DNA evidence was contaminated;

(3)  Rivera was erroneously sentenced as a habitual criminal; and

(4)  the victim was unable to identify Rivera as the assailant in court.

(Ex. I of State Court Proceedings at 1–8, Dkt. No. 22-9.) The Illinois Appellate Court granted counsel's motion to withdraw and affirmed the Circuit Court's judgment. (Ex. J of State Court Proceedings at 2, Dkt. No. 22-10.)

Rivera then filed a PLA, claiming:

(1)  trial counsel was ineffective for failing to press a motion regarding Officer Robert Collins's testimony about the aggravated sexual assault which occurred in 1987;

(2)  the victim was unable to identify Rivera as the assailant in court;

(3)  the prosecutor subjected Rivera to personal attacks;

(4)  Rivera was erroneously sentenced as a habitual criminal; and

(5)  the evidence was insufficient to convict him, including that the DNA evidence was contaminated.

4

(Ex. K of State Court Proceedings at 1–18, Dkt. No. 22-11.) The Illinois Supreme Court denied the PLA. (Ex. L of State Court Proceedings at 1, Dkt. No. 22-12.) And Rivera thereafter filed the instant Petition.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court cannot grant *habeas corpus* relief unless the state court's decision was contrary to, or an unreasonable application of, federal law clearly established by the Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 402–03 (2000); *Pinno v. Wachtendorf*, 845 F.3d 328, 331 (7th Cir. 2017). Moreover, a federal court cannot even proceed to address the merits of a claim raised in a *habeas* petition if the petitioner has procedurally defaulted his right to raise that claim. *Coleman v. Thompson*, 501 U.S. 722, 729–730 (1991); *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A claim may be procedurally defaulted if the petitioner fails to raise the issue adequately on direct or post-conviction review. As the Seventh Circuit has explained:

> [T]he state courts must have had a "fair opportunity" to consider a question of constitutional import before federal collateral review on that question is appropriate. A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." To satisfy that requirement, an inmate must present "both the operative facts and the legal principles that control each claim to the state judiciary."

*Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (internal citations omitted). Importantly, a petitioner must fairly present his or her claim to the state courts by asserting it through at least one complete round of state-court review, either on direct appeal or in post-conviction proceedings. *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). This requirement obliges the petitioner to "raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "[W]hen a

5

petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). A claim also may be procedurally defaulted based on the independent and adequate state ground doctrine "when a state court [has] declined to address a prisoner's federal claims because the prisoner [has] failed to meet a state procedural requirement." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002).

In order for the Court to review the merits of procedurally-defaulted claims, the petitioner must establish either that good cause exists for the default and actual prejudice was suffered as a result, or that the default would lead to a "fundamental miscarriage of justice." *Morales v. Johnson*, 659 F.3d 588, 604 (7th Cir. 2011). "The fundamental miscarriage of justice exception requires the *habeas* petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010) (quotation omitted).

In his Petition before this Court, Rivera raises the following issues:

(1) that the victim was unable to identify Rivera as the assailant in court;

(2) that the DNA evidence was contaminated;

(3) that Rivera was erroneously sentenced as a habitual criminal; and

(4) that there was a *Batson* violation because all but two jurors were Caucasian.

(Pet. at 5–6, Dkt. No. 1.)

I. **Procedural Default**

All of the claims Rivera raises in his Petition have been procedurally defaulted. As explained above, Rivera was required to "fairly present" his claims to the state courts through one complete round of state-court review, raising those claims at "each and every level in the

state court system, including levels at which review is discretionary rather than mandatory." *Richardson*, 745 F.3d at 268. Yet based on the Court's review of the issues raised in the Petition before this Court as compared to the issues raised at the various stages of Rivera's direct appeal and post-conviction proceedings, Rivera did not properly raise issue (4) of the Petition (the *Batson* violation) in the state courts. Specifically, on direct appeal, Rivera did not raise issue (4) in his PLA to the Illinois Supreme Court and, in his state post-conviction appeal, he did not raise the issue in his response to the *Finley* motion before the state appellate court or in his PLA to the Illinois Supreme Court. Accordingly, Rivera did not present the claims based on this issue at "each and every level in the state court system" in a direct or post-conviction proceeding.

With respect to issues (1) (failed identification), (2) (contaminated DNA evidence), and (3) (sentenced as a habitual criminal), those issues were properly raised at each and every level of the Illinois state courts on Rivera's post-conviction petition.[3] But Rivera nonetheless runs into another obstacle: the Circuit Court held that issues (1), (2), and (3) had been forfeited under Illinois law, as they could have been raised on direct appeal but were not. (Ex. AA to State Court Proceedings at C86, Dkt. No. 22-27.) Illinois's rule barring post-conviction review of claims that could have been, but were not, raised on direct appeal constitutes an independent and adequate state ground resulting in procedural default. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009); *see also People v. Pitsonbarger*, 793 N.E.2d 609, 619 (Ill. 2002) ("[A] post-conviction proceeding [under the Illinois Post-Conviction Hearing Act] allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal.").

---

[3] While Rivera did not specifically raise issue (1) in his post-conviction petition in the Circuit Court, this Court construes issue (1) as an instantiation of a claim that the evidence was insufficient to prove Rivera guilty beyond a reasonable doubt, which Rivera argued in his post-conviction petition in the Circuit Court. (Ex. AA to State Court Proceedings at C54–C71, Dkt. No. 22-27.)

The Circuit Court's determination was thereafter affirmed by both the Illinois Appellate Court and the Illinois Supreme Court in summary dispositions without further elaboration. (Ex. J of State Court Proceedings, Dkt. No. 22-10; Ex. L of State Court Proceedings, Dkt. No. 22-12.) Because the state courts must actually rely on the independent and adequate state grounds for purposes of procedural default, *Moore*, 295 F.3d at 774, this Court must verify that the Illinois Appellate Court and Illinois Supreme Court actually relied on the independent and adequate state ground that issues (1), (2), and (3) were forfeited.[4] "When the last state court to address the petitioner's claim has not identified the basis for its decision, the reviewing court 'must make a determination on the record that the state court was presented with [the argument]. . . . Specifically, [the court] must look to the nature of the disposition and the surrounding circumstances. . . .'" *Edmonson v. Harrington*, No. 09-cv-2073, 2013 WL 2178320, at *4 (N.D. Ill. May 20, 2013) (quoting *Woods v. Schwartz*, 589 F.3d 368, 375 (7th Cir. 2009)). Here, given that the Circuit Court expressly dismissed issues (1), (2), and (3) because they had not been raised on direct appeal,[5] the Court determines that the Illinois Appellate Court's affirmance of the Circuit Court's decision and the Illinois Supreme Court's denial of Rivera's PLA were made on the same basis. Thus, issues (1), (2), and (3) are also procedurally defaulted.

---

[4] Although the Circuit Court did expressly rely on this independent and adequate state grounds, if the Illinois Appellate Court or Illinois Supreme Court grounded their decisions on a different basis, that would control, since the last-in-time decision is what matters. *Edmonson*, 2013 WL 2178320, at *4 ("Thus, if the decision of the last state court to which the petitioner presented his federal claims rests primarily on or is interwoven with a resolution of the merits and does not clearly and expressly rely on the procedural default, there is no independent and adequate state procedural ground barring habeas review."); *Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002) ("[W]hen state courts disagree about the right ground of decision, the ruling of the last state court to articulate a reason governs.").

[5] Moreover, post-conviction appellate counsel's *Finley* brief emphasized the fact that issues (1) and (2) had been forfeited as they had not been raised on direct appeal. (Ex. H of State Court Proceedings at 8, Dkt. No. 22-8.)

Rivera does not specifically argue that these procedural defaults should be excused. And moreover, on the Court's review of the record, there does not appear to be good cause and prejudice that would excuse the procedural defaults. Nor does the Court believe that a finding of procedural default would lead to a "fundamental miscarriage of justice." *Morales*, 659 F.3d at 604.

## II. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A *habeas* petitioner does not have the absolute right to appeal a district court's denial of his *habeas* petition; instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (per curiam). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El*, 537 U.S. at 336; 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations omitted). In cases where a district court denies a *habeas* claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). As the Court finds that no

reasonable jurist would find it debatable that Rivera has procedurally defaulted his claims, the Court declines to certify any of Rivera's issues for appeal.

## CONCLUSION

For the foregoing reasons, the Court denies Rivera's Petition for a writ of *habeas corpus* and declines to certify any issues for appeal.

ENTERED:

Dated: January 31, 2018

Andrea R. Wood
United States District Judge